UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Shannon Tyrone Craig,                                Case No.:   12cv1776 (DSD/SER)

            Plaintiff

v.                                                   **REPORT AND RECOMMENDATION**

My Home, Inc.,

            Defendant.

---

Plaintiff, an Iowa state prison inmate, commenced this action by filing a civil complaint, and an application for leave to proceed *in forma pauperis*, ("IFP"). [Doc' Nos. 1 and 2.] The matter has been assigned to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.

Because Plaintiff is a prisoner, he is required to pay an initial partial filing fee before he can proceed IFP. *See* 28 U.S.C. § 1915(b)(1). On August 23, 2012, the Court ordered Plaintiff to pay an initial partial filing fee of $21.41 within twenty (20) days. [Doc. No. 4.] Plaintiff did not pay his initial partial filing fee as ordered, but he instead filed a motion asking to be excused from paying that fee. [Doc. No. 5.] Based on the representations made in Plaintiff's motion, the Court now finds that Plaintiff has "no assets and no means" by which he can pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). Notwithstanding this Court's Order that Plaintiff is not excused from paying the entire filing fee overtime, the Court will recommend that Plaintiff's motion to be excused from paying his initial partial filing fee be granted. The Court will also recommend, however, that Plaintiff's IFP application be denied, and that this action be summarily dismissed, for the reasons discussed below.

1

## I. BACKGROUND

Plaintiff is attempting to sue a single Defendant identified as "My Home, Inc." The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

"Illegal conviction in 2012. Lost all of my property."

Based on this bare allegation, Plaintiff is seeking a judgment against Defendant for $2,000,000.00.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*). To state a cause of action on which relief can be granted, a claimant must allege a set of specific historical facts, which, if proven true, would entitle the claimant to some redress against the defendant(s) under some cognizable legal theory. *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). *See also, Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions"). The facts supporting a plaintiff's claims must be set forth clearly. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's current pleading does not meet this standard. Plaintiff has not alleged any facts that could support any claim against the named Defendant based on any legal theory. Therefore, Plaintiff's complaint fails to state a cause of action on which relief can be granted.

## III. CONCLUSION

Because Plaintiff has not pleaded an actionable claim for relief, the Court is required to recommend denial of his IFP application, and recommend summary dismissal, pursuant to § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff remains liable for the unpaid balance of the $350 filing fee.[1] Plaintiff has not yet paid any fee in this matter, so he still owes the full $350. Prison officials will have to deduct that amount from Plaintiff's trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Because Plaintiff has not pleaded an actionable claim for relief, the Court will further recommend that his pending motion for appointment of counsel, [Doc. No. 3] also be summarily denied. *See Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)

---

[1] Under the Prison Litigation Reform Act, ("PLRA"), prisoners may be excused from <u>pre</u>-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

(appointment of counsel should be considered **if** the claimant has stated a facially cognizable claim for relief). Finally, the Court recommends that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's motion to be excused from paying an initial partial filing fee, [Doc. No. 5], be **GRANTED**;

2. Plaintiff's application for leave to proceed *in forma pauperis*, [Doc. No. 2], be **DENIED**;

3. Plaintiff's motion for appointment of counsel, [Doc. No. 3], be **DENIED**;

4. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

5. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

6. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).


Dated:  October 11, 2012                    *s/Steven E. Rau*
                                                                  Steven E. Rau
                                                                   U.S. Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 25, 2012** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those

objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.